UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

THEODORE M. NICKENS, :
     Plaintiff :
:
v. : CIVIL NO.3:CV-04-1389
:
: (Judge Conaboy)
UNITED STATES, ET AL., :
     Defendants :

FILED
SCRANTON
JUL 1 2 2005
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## MEMORANDUM AND ORDER
### Background

This pro se civil rights/Federal Tort Claims Act action was initiated by Theodore M. Nickens, an inmate presently confined at the State Correctional Institution, Cresson, Pennsylvania. Named as Defendants are the Unites States of America; Federal Prison Industries (UNICOR); former Attorney General John Ashcroft; and various officials at the Plaintiff's prior place of confinement, the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood).

Following service of the complaint, the Defendants filed a motion to dismiss or in the alternative for summary judgment. See Doc. 20. Plaintiff responded by submitting a motion seeking leave to file an amended complaint. The motion (Doc. 26) was accompanied by a proposed amended complaint. Since Plaintiff may file an amended complaint as a matter of right under Federal Rule of Civil Procedure 15(a), his motion will be granted.

1

## Discussion

Federal Rule of Civil Procedure 15(a) provides in part that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." This Court initially notes that Rule 15 has a liberal amendment of complaint policy. Foman v. Davis, 371 U.S. 178, 181-82 (1962). Furthermore, it is well-recognized that liberal standards are to be applied to pro se litigants. Haines v. Kerner, 404 U.S. 519, 520 (1972). It is undisputed that Nickens has not previously submitted an amended complaint or sought leave of court to do so.

A number of federal courts have ruled that "the filing of a motion does not constitute a 'responsive pleading' and therefore does not terminate the time within which a pleading may be amended as of right." 6 Charles Alan Wright et al., Federal Practice and Procedure § 1475, at 554-55 (2d ed. 1990) (footnote omitted); see also Washington v. New York City Bd. of Estimate, 709 F.2d 792, 795 (2d Cir.), cert. denied, 464 U.S. 1013 (1983).

In Rekeweg v. Federal Mut. Ins. Co., 27 F.R.D. 431, 434 (N.D. Ind. 1961), the district court concluded that a motion to dismiss was not a responsive pleading for the purpose of Rule 15. It stated that "the term 'responsive pleading' should be interpreted in the light of Rule 7(a) of the Federal Rules of Civil Procedure which defines 'pleadings' as including only the Complaint, the Answer, and the Reply." Id. at 434. The Court of Appeals for the Third Circuit has additionally recognized that

2

"neither a motion to dismiss, nor a motion for summary judgment, constitutes a responsive pleading under Federal Rule of Civil Procedure 15(a)." Centifanti v. Nix, 865 F.2d 1422, 1431 n.9 (3d Cir. 1989); see also Reuber v. United States, 750 F.2d 1039, 1062 n.35 (D.C. Cir. 1984); Barksdale v. King, 699 F.2d 744, 746-47 (5th Cir. 1983) (per curiam); McDonald v. Hall, 579 F.2d 120, 121 (1st Cir. 1978) (per curiam). Accordingly, Plaintiff's motion to file an amended complaint will be granted and the parties' pending dispositive motions will be denied as moot.[1]

With respect to the Plaintiff's proposed amended complaint, Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard, a complaint, in order to comply with Rule 8, must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.[2] A civil

---

[1] After filing his motion to amend, Plaintiff submitted a cross summary judgment motion (Doc. 33).

[2] In Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, (1993), the United States Supreme Court held that it was
(continued...)

rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Plaintiff's proposed amended complaint fails to set forth his claims in brief, concise and understandable terms. It does not provide the date when Defendant Holmes was allegedly indifferent to his medical needs or the date when he was purportedly subject to an illegal strip search. The proposed amended complaint also fails to identify the prison officials who participated in the strip search. Furthermore, only one Defendant, Correctional Officer Holmes, is mentioned in the body of the amended complaint.

Under even the most liberal construction, the proposed complaint fails to comply with the requirements of Rule 8. It does not adequately give the Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. Accordingly, it will not be accepted. However, the Plaintiff will be granted twenty (20) days from the date of this Order in which to file a proper amended complaint. See Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988).[3]

---

[2](...continued)
improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id. at 167.

[3] Two (2) copies of this Court's form civil rights complaint will be provided to the Plaintiff for his use in submitting an amended complaint.

4

Nickens is reminded that his amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the complaints already filed. The amended complaint should identify the defendants, set forth Plaintiff's claims in short, concise and legible statements, and specify the relief being sought. It should also state which claims are being asserted under the FTCA. Failure of the Plaintiff to timely submit a proper amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute. An appropriate order will enter.

AND NOW, THIS 12th DAY OF JULY, 2005, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to file an amended complaint (Doc. 26) is granted.
2. Within twenty (20) days of the date of this Order, Plaintiff may file an amended complaint which adheres to the standards set forth herein.
3. If Plaintiff fails to file an amended complaint or otherwise respond to this Order within the relevant time period, his action will be dismissed for failure to prosecute.
4. The parties' respective pending dispositive motions (Docs. 20 & 33) are dismissed as moot.

5

5.  The Clerk of Court is directed to provide the Plaintiff with two (2) copies of this Court's form civil rights complaint.

_____
RICHARD P. CONABOY
United States District Judge