UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

THEODORE M. NICKENS,       :
      Plaintiff        :
                           :
  v.                       :   CIVIL NO.3:CV-04-1389
                           :
                           :   (Judge Conaboy)
UNITED STATES, ET AL.,     :
      Defendants       :
_____

# MEMORANDUM AND ORDER
## Background

    This pro se civil rights/Federal Tort Claims Act action was initiated by Theodore M. Nickens, an inmate presently confined at the State Correctional Institution, Cresson, Pennsylvania.[1] Following service of the complaint, the Defendants filed a motion to dismiss or in the alternative for summary judgment. Plaintiff responded by submitting a motion seeking leave to file an amended complaint which was granted.

    Named as Defendants in the amended complaint (Doc. 38) are the United States of America; Federal Prison Industries (UNICOR); former Attorney General John Ashcroft; and the following officials at Plaintiff's prior place of confinement, the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood): Warden M. V. Pugh; Mr. Debasskuss; James D. Barrett; Randy Homes;

---

    [1] Nickens was paroled from his federal sentence on August 10, 2004 and transferred into state custody.

Correctional Officers White, Rhule, Herold, Flowres; Mr. Holmes and Ms. Carpenter.  Plaintiff is also proceeding against eight (8) John Doe Defendants who are described as being SIS investigators at USP-Allenwood.  Plaintiff states that while working in Prison Industries on October 7, 2003, he was one of 140 prisoners who "was strip searched in front of numerous male guards and prisoners."  Doc. 38, ¶ 6.

Nickens asserts that on the day in question he initially underwent a private strip and visual body cavity search.  Although no contraband was discovered during the private search, approximately five (5) minutes later Defendant Randy Homes ordered Nickens to undergo a second strip and visual body cavity search.  This second search was conducted by an SIS officer in the presence of Defendants Homes and White. It was performed in a corridor which had large windows and in the presence of various correctional staff and prisoners.  Plaintiff contends that the search was unconstitutional because it was conducted in a severely degrading manner. He asserts that during the search Defendants Randy Homes and White laughed, made suggestive looks and funny noises.  Id. at ¶ 14.  Nickens was also told that women were walking past the window.[2]

---

[2] Defendant Ms. Carpenter allegedly witnessed the search from her office which was apparently on the other side of the window.

Following the search, the Plaintiff was purportedly required to stand in the corridor facing other prisoners who were also being required to undergo strip searches.  The amended complaint maintains that during this period Nickens became ill because he had not eaten food when taking his insulin.  Even though he had "gone to the floor," Defendant Mr. Holmes refused to call for assistance or offer any aid.  Doc. 38, ¶ 19.  Plaintiff seeks declaratory relief as well as compensatory and punitive damages.

## Discussion

Defendants claim entitlement to summary judgment on the grounds that: (1) Plaintiff failed to exhaust his available administrative remedies; (2) he is barred from recovering monetary damages because he fails to allege any physical injury; and (3) UNICOR is not a properly named Defendant.

## Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential

>element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  "[T]he standard [for granting summary judgment] mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of stating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  The moving party can discharge that burden by "'showing' . . . that there is an absence of evidence to support the nonmoving party's case."  Celotex, supra, 106 S.Ct. at 2553 and 2554.  Once the moving party has satisfied its burden, the nonmoving party must present "affirmative evidence" to defeat the motion, consisting of verified or documented materials.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  Issues of fact are "genuine only if a reasonable jury, considering the evidence presented could find for the nonmoving party." Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988).  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment.  Id.  In evaluating a motion for summary judgment, the entire record must be examined in the light most favorable to the nonmoving party.

4

**Administrative Exhaustion**

Defendants contend that Plaintiff failed to complete the BOP administrative review process with respect to any of his present allegations.  Their supporting brief notes that the Plaintiff initiated a total of nineteen (19) administrative grievances regarding unrelated issues both prior to and after the October, 2003 strip search.  They add that Nickens "has not submitted a single Request for Administrative Remedy, at any level, regarding the search for the lost scissors in UNICOR."  Doc. 43, p. 11. Nickens' opposing submissions vaguely contend that the USP-Allenwood SIS staff thwarted his attempts to exhaust his administrative remedies in an attempt to cover up the improper strip searches.  See Doc. 46.

However, Defendants' supporting brief acknowledges that Nickens initiated an administrative tort claim relating to the October 7, 2003 incident which was denied on May 11, 2004.

42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to
> prison conditions under Section 1979 of
> the Revised Statutes of the United States
> (42 U.S.C. 1983), or any other federal
> law, by a prisoner confined in any jail,
> prison, or other correctional facility
> until such administrative remedies as are
> available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues."  Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v.

Churner, 532 U.S. 731, 741 n. 6 (2001).  Claims for monetary relief are not excused from the exhaustion requirement.  Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000).  Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending."  Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

An inmate's failure to comply with the administrative exhaustion requirement constitutes an affirmative defense.  See e.g., Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Jenkins v. Haubert, 179 F.3d 19, 29 (2d Cir. 1999); Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997)(holding, in the context of a Title VII case, that failure to exhaust administrative remedies is an affirmative defense). Consequently, a prisoner does not have to allege in his complaint that he has exhausted administrative remedies.  Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).  Rather, it is the burden of a defendant asserting the defense to plead and prove it.  Id.;  Williams v. Runyon,130 F.3d  568, 573 (3d Cir. 1997); Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c).

The BOP has established a multi-tier Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of

6

his imprisonment.[3]  See 28 C.F.R. §§ 542.10-542.19 (1998).  "This program applies to all inmates confined in institutions operated by the Bureau of Prisons, to inmates designated to Community Corrections Centers (CCCs) under Bureau of Prisons' responsibility, and to former inmates for issues that arose during their confinement but does not apply to inmates confined in other non-federal facilities."  Id. at § 542.10.

The program provides that, with certain exceptions,  "... an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request For Administrative Remedy."[4]  Id. at §

---

3. Matters excluded from this program are set forth at 28 C.F.R. § 542.12, which states as follows:

> (a) An inmate may not use this Program to submit a Request or Appeal on behalf of another inmate.  This program is intended to address concerns that are personal to the inmate making the Request or Appeal, but shall not prevent an inmate from obtaining assistance in preparing a Request or Appeal, as provided in § 542.16 of this part.
> (b) Requests or Appeals will not be accepted under the Administrative Remedy Program for claims for which other administrative procedures have been established, including tort claims, Inmate Accident Compensation claims, and Freedom of Information or Privacy Act requests.  Staff shall inform the inmate in writing of the appropriate procedure if the Request or Appeal is not acceptable under the Administrative Remedy Program.

4. CCC inmates are not required to seek informal resolution. Id. at § 542.13(b).  Informal resolution is not required for those matters identified in § 542.14(d), which include sensitive issues
(continued...)

542.13(a).  Next, if informal resolution fails, the inmate must submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within 20 "calendar days following the date on which the basis for the Request occurred."  Id. at § 542.14(a).  If a valid reason for delay is given, an extension of the filing time may be granted.  Id. at 542.14(b).  The Warden has 20 calendar days from the date the Request or Appeal is filed in which to respond.  Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal on the appropriate form (BP-10) to the Regional Director within 20 calendar days of the date the Warden signed the response. Id. at § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed on the appropriate form (BP-11) to the General Counsel within 30 calendar days from the date the Regional Director signed the response.  Id.  "When the inmate demonstrates a valid reason for delay, these time limits may be extended."  Id.  The Regional Director has 30 calendar days to respond and the General Counsel has 40 calendar days in which to respond.  Id. at § 542.18.

The response time provided for at each level may be extended in writing "once by 20 days at the institution level, 30 days at the

---

(...continued)
and DHO, Control Unit, and Controlled housing status appeals.  Id. Additionally, informal resolution may be waived in individual cases at the discretion of either the Warden or the institution Administrative Remedy Coordinator "when the inmate demonstrates an acceptable reason for bypassing informal resolution."  Id.

regional level, or 20 days at the Central Office level." Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

A review of the undisputed record, especially the exhibits[5] accompanying Defendants' supporting brief, shows that they have satisfied their burden under Williams of establishing that Nickens' present civil rights allegations relating to the October 7, 2003 incident were not administratively exhausted. The Plaintiff's vague, wholly unsupported contention of an SIS cover up are insufficient to warrant a finding that he should be excused from the exhaustion requirement. Nickens has simply not adequately demonstrated any proper basis to excuse his non-exhaustion. Pursuant to the above discussion, dismissal of Plaintiff's civil rights claims under § 1997e(a) is appropriate.

However, the amended complaint clearly states that Nickens is also seeking relief under the FTCA. It is undisputed that Plaintiff filed an administrative tort claim regarding the alleged improper strip searches performed on October 7, 2003. However, Nickens' administrative tort claim did not include any claim relating to his present allegations of being denied care for an

---

[5] In support of their non-exhaustion argument, Defendants have submitted copies of various grievances and responses which were generated by those submissions. See Doc. 43.

insulin related reaction. Consequently, those assertions to the extent that they are raised under the FTCA are likewise subject to dismissal for failure to exhaust.

In conclusion, those strip search claims which were asserted in both the FTCA portion of the amended complaint and in Plaintiff's administrative tort claim will not be dismissed for non-exhaustion. Since Plaintiff failed to exhaust his administrative remedies with respect to his remaining civil rights and FTCA claims they are subject to dismissal on the basis of non-exhaustion.

### **Emotional Distress**

Defendants also contend that Plaintiff's civil rights claims should be dismissed because he did not sustain any physical injury as required under 42 U.S.C. § 1997e(e). They similarly argue that the FTCA portion of the complaint should be dismissed under 28 U.S.C. § 1346(b)(2) due to Nickens' failure to show that he suffered any physical injury. A liberal reading of plaintiff's opposing submissions to the Defendants' motion indicate that he is arguing that his adverse insulin reaction satisfied the physical injury requirement.

Section 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In <u>Allah v. Al-Hafeez</u>, 226 F.3d 247,250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff

10

fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Court added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

The applicability of <u>Allah</u> with respect to the amended complaint's request for punitive damages is not addressed by the Defendants' summary judgment motion. Accordingly, under the standards announced in <u>Allah</u>, Nickens' civil rights claims which clearly assert violation of his constitutional rights and seek both compensatory and punitive damages are not barred by Section 1997e(e) to the extent that they seek non-compensatory damages. <u>See</u> <u>Ostrander v. Horn</u>, 145 F. Supp. 2d 614, 618 (M.D. Pa. 2001).[6]

With respect to Plaintiff's FTCA claims, the FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates. <u>United States v. Muniz</u>, 374 U.S. 150, 150 (1963). In presenting an FTCA claim, a plaintiff must show: (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss. <u>Mahler v. United States</u>, 196 F. Supp. 362, 364 (W.D. Pa. 1961), <u>aff'd</u>, 306 F.2d 713 (3d Cir.), <u>cert. denied</u>, 371 U.S. 923 (1962).

---

[6] It is noted that in <u>Ostrander</u>, unlike the present case to date, there was a specific finding that the prison officials' conduct did not violate the prisoner's constitutional rights.

11

It is well-settled that a federal district court addressing an FTCA action must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. 28 U.S.C. § 1346(b) (1996); Toole v. United States, 588 F.2d 403, 406 (3d Cir. 1978); O'Neal v. Department of Army, 852 F. Supp. 327, 334-35 (M.D. Pa. 1994); Turner v. Miller, 679 F. Supp. 441, 443 (M.D. Pa. 1987). However, in cases such as this which involve federal prisoners, it has been recognized that the government's duty of care is one of ordinary diligence. See 18 U.S.C. § 4042; Turner, 679 F. Supp. at 443. The applicable law with respect to the burden and quantum of proof under the FTCA remains that of the state in which the alleged tortious conduct occurred. Hossic v. United States, 682 F. Supp. 23, 25 (M.D. Pa. 1987).

Under Pennsylvania law, a plaintiff is required to show that the defendant's negligence was the proximate cause of his injury by a preponderance of the evidence. Baum v. United States, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982). Furthermore, Pennsylvania law defines proximate cause as causation which was a substantial factor in bringing about the injury. Hamil v. Bashline, 392 A.2d 1280, 1284 (Pa. 1978).

Absent "some physical injury or impact, Pennsylvania's governing law does not provide recovery for negligent infliction of emotional distress." See Redland Soccer Club v. Department of the Army, 55 F.3d 827,848 (3d Cir. 1995). In Redland the Third Circuit Court of Appeals concluded that the Plaintiffs could not recover

under the FTCA because the record showed that they did not suffer any current physical injury or medically identifiable effect.

A liberal reading of the record indicates that the Plaintiff felt ill due to a delay in being provided food after taking his insulin. The parties acknowledge that the delay was approximately forty-five (45) minutes to one (1) hour in duration. There is no indication that the Plaintiff continued to suffer any adverse effects once he was provided with food. Furthermore, Plaintiff does not offer any facts to show that his short term duress constituted anything more then emotional distress. This determination is bolstered by Nickens' own description of his temporary condition as consisting of sweating, shaking, and feeling weak for a period of time which did not exceed one hour in duration. See Doc. 46, p. 4.

Pursuant to the Redland standard, Nickens is barred from recovery under the FTCA since his amended complaint does not allege that he suffered any compensable physical injury as a result of the strip searches or the alleged delay in being provided with food after taking his insulin medication.[7] An appropriate Order will enter.

---

[7] Furthermore, since the United States of America is the only proper Defendant for purposes of the FTCA, a discussion regarding the Defendants' argument that the UNICOR is not a properly named defendant is not necessary.

AND NOW, THIS 3rd DAY OF February, 2006, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. Plaintiff's civil rights claims non-strip search related allegations under the FTCA are dismissed for failure to exhaust administrative remedies.
2. The remaining FTCA portion of the Plaintiff's action is dismissed pursuant to 28 U.S.C. § 1346(b)(2).
3. Defendants' summary judgment motion (Doc. 39) is granted.
4. The Clerk of Court is directed to close the case.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge